IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| PAUL WEEG through Becky Weeg,<br>Personal Representative for the Estate of<br>Paul Weeg, | ) <br>) <br>) <br>) | |
| Plaintiff, | ) <br>) | Civil Case No. 07-1302-KI |
| vs. | ) <br>) | OPINION AND ORDER |
| ORTIZ AND ASSOCIATES, INC., a<br>Domestic Business Corporation, | ) <br>) <br>) | |
| Defendant. | ) <br>) <br>) | |

Jeff Napoli
Gilroy & Napoli, LLC
5335 Meadows Road, Suite 261
Lake Oswego, Oregon  97035

Sara L. Allen
Allen Law, LLC
811 S. W. Naito Parkway, Suite 420
Portland, Oregon  97204

      Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Gordon L. Osaka
Attorney at Law
1000 S. W. Broadway, Suite 1660
Portland, Oregon  97205

       Attorney for Defendant

KING, Judge:

Plaintiff in this action, Becky Weeg, personal representative of the Estate of Paul Weeg, alleges several statutory and common law tort claims related to the racial harassment Paul Weeg was allegedly subjected to during his employment at Ortiz and Associates, Inc. ("Ortiz").  Ortiz moves against plaintiff's Title VII discrimination and retaliation claims in Defendant's FRCP 56 Motion for Partial Summary Judgment re Lack of Subject Matter Jurisdiction (#22).  For the reasons below, I deny the motion.

## FACTS

Paul Weeg filed a discrimination complaint with Oregon's Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC") in 2006. Counsel for Paul Weeg and Ortiz exchanged letters concerning possible settlements but never came close to an agreement.

Paul Weeg died on March 15, 2007.

The BOLI investigator assigned to Paul Weeg's complaint left word with Paul Weeg's attorney on April 18, April 19, and April 30, 2007, via voice mail, email, and a letter.  The investigator explained that he needed clarification on whether Paul Weeg passed away and, if so, whether his estate's personal representative wanted BOLI to continue with the investigation.  The April 30 letter also stated that if BOLI did not hear from the personal representative in writing by

Page 2 - OPINION AND ORDER

May 23, BOLI would close the complaint.  Paul Weeg's attorney responded by email on May 2

to confirm that Paul Weeg had died and that Becky Weeg, his personal representative, wanted the

investigation to continue.  The investigator responded later on May 2 to inform the attorney that

the email was inadequate because BOLI policy requires a document indicating the identity of the

personal representative and a letter from the representative indicating that the estate wants to

continue the investigation.

I am aware from prior motion practice in this action that the personal representative was

not formally named by the probate court until January 2008.

When the investigator heard nothing further, he drafted a Complaint Dismissal

Memo–Failure to Cooperate on May 29, 2007 which memorialized the attempts to get

instructions from the personal representative.  On June 1, 2007, BOLI issued a Notice of Right to

File a Civil Suit letter, stating that the complaint was dismissed because the complainant did not

cooperate with the investigation.  The EEOC issued a Dismissal and Notice of [Suit] Rights letter

on August 9, 2007, stating that the EEOC had adopted the findings of the state employment

practices agency that investigated the charge.  According to the investigator, extensive work had

been done and a cause decision was imminent when the complaint was dismissed.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact

and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The

initial burden is on the moving party to point out the absence of any genuine issue of material

fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate

through the production of probative evidence that there remains an issue of fact to be tried.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the

evidence is viewed in the light most favorable to the nonmoving party.  Universal Health

Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

Ortiz seeks summary judgment against plaintiff's Title VII discrimination and retaliation

claims.  Ortiz argues that plaintiff failed to exhaust the prerequisite administrative remedies by

failing to provide BOLI with the requested written authorization from the personal representative

to continue the administrative investigation.

Plaintiff argues that the issuance of the "right-to-sue letter" indicates that she has

exhausted her administrative remedies, giving jurisdiction to this court.  Plaintiff notes that under

the regulations, a complainant can ask BOLI to end an investigation and have a right-to-sue letter

issued, even if the investigation is not complete.

To establish federal subject matter jurisdiction, a plaintiff must exhaust his administrative

remedies before seeking adjudication of a Title VII claim.  To exhaust administrative remedies

under Title VII, a complainant must file a timely charge with the EEOC, allowing the agency

time to investigate the charge.  Lyons v. England, 307 F.3d 1092, 1103-04 (9th Cir. 2002).

Plaintiff relies on Carter v. Smith Food King, 765 F.2d 916 (9th Cir. 1985), in which the

court discussed the validity of a right-to-sue letter issued by the California Fair Employment and

Housing Act ("FEHA"), California's statutory discrimination act, at the request of the plaintiff.

The court held that the plaintiff had exhausted his administrative remedies, reasoning:

> The issuance of a right-to-sue letter, whether or not upon request, signifies
> that the Department has determined that the claimant has satisfied all of the
> FEHA's requirements and is entitled to bring a civil action against the offending

individual or organization.  In fact, the letter issued to Carter advised him that the
Department had determined that he had a right to file a lawsuit.  We have no
reason to believe that in sending the letter the Department, the state agency
charged with enforcement of the statute at issue, was unaware of the statute's
procedural requirements or deliberately flouted them.  Nor have any of the
appellees introduced any evidence that would support any such theory.  The
administrative agency's right-to-sue letter is entitled to a presumption of
regularity.  Accordingly, there is no legal basis for setting aside the Department's
determination that Carter complied with all the procedural requirements of
California law.

Id. at 923-24.

I see no reason why the holding in Carter, concerning a right-to-sue letter under the

FEHA, would not apply to a right-to-sue letter under Title VII, particularly when the EEOC

adopted BOLI's findings and BOLI also issued a right-to-sue letter.

Ortiz relies on cases concerning federal employees, including Greenlaw v. Garrett, 59

F.3d 994 (9th Cir. 1995) (employee of the Department of the Navy), cert. denied, 519 U.S. 836

(1996).  Federal employees, however, have additional exhaustion requirements that do not apply

to private employees.  For example, federal employees must contact an EEO counselor prior to

filing a complaint.  29 C.F.R. §§ 1614.105(a)(1).  Because the administrative requirements differ,

I am not persuaded by Ortiz's argument that plaintiff failed to exhaust her administrative

remedies even though the EEOC issued a right-to-sue letter.  Consequently, I deny the motion for

partial summary judgment.


///


///


Page 5 - OPINION AND ORDER

## CONCLUSION

Defendant's FRCP 56 Motion for Partial Summary Judgment re Lack of Subject Matter

Jurisdiction (#22) is denied.

IT IS SO ORDERED.

Dated this _____22nd_____ day of April, 2008.

_ /s/ Garr M. King_____
Garr M. King
United States District Judge